**Gary Mitchell GLASS, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–15794.**

Court of Criminal Appeals of Oklahoma.

Feb. 11, 1970.

Gary M. Glass, pro se.

G. T. Blankenship, Atty. Gen., for respondent.

## MEMORANDUM OPINION

PER CURIAM.

This is an original proceeding in which Gary Mitchell Glass has petitioned this Court for a Writ of Habeas Corpus attacking the legality of the judgment and sentence imposed in the District Court of Tulsa County, Oklahoma, Case No. 22374, sentencing him to life imprisonment for the crime of murder. Essentially, petitioner attacks the legality of his conviction on three grounds: (1) Denial of counsel due to ineffective legal representation; (2) improper conduct of the bailiff in leaving the presence of the jury after the case had been submitted to them for determination; and (3) improper remarks made by the trial judge during the course of the trial which tended to prejudice the jury.

Petitioner's contentions regarding the bailiff leaving the jury and the remarks of the trial judge have been previously raised by petitioner in the appeal of his conviction docketed as Case No. A-14,499. This Court considered these issues and found them to be without merit. Glass v. State, Okl.Cr., 445 P.2d 420 (1968). This Court's holding in that regard was as follows:

"The comments of the trial court cited as error are occurrences in which the Court * * * speaks to counsel in reply to a ruling on objections, and are, in our opinion, of an 'advisory' nature only.

* * * * * *

"The rule is well settled that the separation of the jury for a short period of time or overnight where not objected to by counsel, or shown by affidavits or testimony on motion for new trial that defendant was prejudiced, will not vitiate a verdict."

Petitioner further contends that he was denied the effective representation of legal counsel because of counsel's failure to object to the introduction of a photograph

of the deceased, his failure to object to the introduction of a gun secured by an improper search warrant, failure of counsel on appeal to raise the issue of a motion to suppress evidence obtained from a footlocker including the gun, and failure to raise on appeal the motion for a mistrial based on a newspaper article. We are somewhat perplexed by petitioner's contention that he had ineffective counsel due to his failure to act properly regarding an improper search warrant which yielded certain articles including a gun found in a footlocker. Indeed, the record of petitioner's trial shows that a motion to suppress evidence from said footlocker, including the gun, was filed and sustained by the trial court (R 5, 11, 292). None of the articles of evidence obtained as a result of the search in question were offered in evidence against the petitioner. Accordingly, we find that petitioner's counsel acted in a most competent manner and petitioner's conviction in no way resulted from evidence derived by an unreasonable search.

Regarding the photograph offered in evidence of the deceased body, we find nothing in the record to indicate inadequate representation or that said photograph was inadmissible. It is true that if the principal effect of a photograph is to arouse the passion of the jury and inflame them against the defendant because of the horror of the crime, the evidence should be excluded. Oxendine v. State, Okl.Cr., 335 P.2d 940 (1958). However, this Court has held:

"On the other hand, if the evidence has probative value with respect to a fact in issue that outweighs the danger of prejudice to the defendant, the evidence is admissible even if it is gruesome and may incidentally arouse the passions of the jury." 335 P.2d, at 941.

In the instant case, the photograph of the deceased was a black and white reproduction of the scene of the crime as his body was found. The body was fully clothed and bore no mutilation aside from evidence of blood from a gunshot wound which was the cause of death. Clearly,

the photograph in the instant case was not gruesome, as was the case in *Oxendine*, and had probative value that outweighed any incidental passion aroused in the jury. Accordingly, we find that the admission of the photograph of the deceased at petitioner's trial was not prejudicial and petitioner's counsel did not fail to act properly regarding the admission of this evidence.

During petitioner's trial, his counsel made a motion for mistrial on the grounds of a misleading article in a local newspaper since it was "possible and highly probable" that the article was brought to the attention of the jury. There was, however, no evidence to indicate that any member of the jury had read the particular article in question or that it was incorrect, or that it was prejudicial to the defendant. Certainly, from the record we can find no fault in the ruling of the trial court overruling the motion for a mistrial based on the newspaper article. Since the jury was initially empaneled in petitioner's trial, it was admonished not to discuss the case or read about it. Certainly, absent evidence that the jury had violated this admonition to such a degree that it prejudiced defendant's case, it would be unnecessary to declare a mistrial. Petitioner's trial counsel and counsel on appeal are both able and experienced attorneys with great familiarity in criminal law. We can only assume that if any evidence did exist that the article had substantially prejudiced the jury, such evidence would have been offered at the trial, on motion for new trial, or on appeal. Accordingly, we do not find error in overruling the motion for mistrial because of the newspaper article, nor do we find that counsel failed to protect the interest of his client in not arguing this issue on appeal, as it is obviously without merit. See Shapard v. State, Okl.Cr., 437 P.2d 565 (1967).

Petitioner's counsel, both at trial and on appeal, admirably performed their obligation to protect the interests of their client. We find no substance in petitioner's allega-

tion herein or in the record to the claim of inadequate legal representation.

Therefore, having found all the issues raised by the petitioner in the instant application to be without substance or merit, this attack on the validity of the judgment and sentence fails and the petitioner's Writ of Habeas Corpus must be denied.

Writ denied.