(No. 42773.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EDDIE FRANK, Appellant.

*Opinion filed May 27, 1971.*

KLUCZYNSKI and WARD, JJ., took no part.

FREDERICK F. COHN and LORRAINE N. WOODS, both of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and ZENON FOROWYCZ (Graduate Law Stu-

dent), Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Eddie Frank, was convicted in a 1963 Cook County circuit court bench trial of the sale of narcotics, and sentenced to a term of 12 to 15 years imprisonment. His writ of error with appointed counsel was, in 1964, transferred to the appellate court, which affirmed. (*People* v. *Frank,* 51 Ill. App. 2d 251.) There was no petition for leave to appeal to this court from the appellate court affirmance. The present appeal is from the dismissal, without an evidentiary hearing, of a subsequent petition for post-conviction relief. Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*

The main witness for the State at trial was James Henry, an informer, who testified that he had engaged in a "controlled buy" of narcotics from Frank. The transaction occurred in a pool hall, with marked money provided by three police officers, who waited out of sight. After the transaction, the informer turned a tinfoil packet over to the officers, and directed them to Frank, who was then arrested and found to have a marked bill in his possession. It is now claimed that when the informer took the stand, defendant recognized him as a former fellow prison inmate, James Jones, who had been convicted of burglary. On cross-examination, defense counsel asked the informer if he had ever served time for a felony, but an objection to the question was sustained. The money was marked as exhibit 1 at trial, and the tinfoil packet was marked as exhibit 6. It was stipulated that a police chemist would testify, if called, that he had performed a qualitative analysis on exhibit 1 and concluded that it contained heroin.

Frank raises several issues in the post-conviction proceedings. He argues first that he was not proved guilty

beyond a reasonable doubt, since the stipulated evidence merely established that exhibit 1, the marked money, rather than exhibit 6, the tinfoil packet sold by Frank, contained heroin. It is further claimed that the court-appointed counsel on appeal was incompetent for failing to raise this issue in the appellate court. Defendant also contends that the State concealed the true identity of the informer, that the State knowingly permitted the informer to testify falsely as to his identity and employment, and that his accusation did not constitute probable cause for the arrest and search of defendant. The trial court considered each contention on the merits, and denied relief. The State now argues that the issue of reasonable doubt is not a constitutional question within the scope of the Post-Conviction Hearing Act, and, as with the issue dealing with the arrest and search, was barred by *res judicata* and waiver as a result of the appeal. As for the competency of defendant's counsel on appeal, the State contends that it is not an issue arising "in the proceeding which resulted in his conviction", and therefore is not available under the Act. The State also argues that defendant's petition failed to adequately allege or support the charge that the prosecution knowingly concealed the informer's identity or permitted false testimony by him.

At the outset, we shall consider the application of *res judicata* and waiver, and the closely related issue of the competency of counsel on the direct appeal. We have earlier suggested that the doctrine of waiver ought not to bar issues from consideration under the Post-Conviction Hearing Act where the alleged waiver stems from incompetency of appointed counsel on appeal (see *People* v. *Weaver,* 45 Ill.2d 136; *People* v. *McCracken,* 43 Ill.2d 153; *People* v. *Doherty,* 36 Ill.2d 286), or denial of counsel on appeal (*People* v. *Keagle,* 37 Ill.2d 96). This notion comports with related holdings that waiver will not apply where it would act as a denial of due process (*People* v. *Thompson,* 36 Ill.2d 332; *People* v. *Burson,* 11 Ill.2d 360), or of fundamental fair-

ness (*People* v. *Hamby,* 32 Ill.2d 291) where appointed counsel on appeal thwarted the defendant's vigorous and manifest efforts (see *People* v. *Kamsler,* 39 Ill.2d 73; *People* v. *Agnello,* 35 Ill.2d 611; *People* v. *Ashley,* 34 Ill.2d 402) to raise additional issues. In view of the need to protect the right to appeal with the aid of competent counsel, and upon appraisal of the spirit and ultimate purpose of the Post-Conviction Hearing Act, we conclude that the Act provides a proper vehicle for review of those issues as to which review by direct appeal has been unconstitutionally denied by deprivation of the right to appeal, the right to competent counsel on appeal, or the concept of fundamental fairness.

Turning to the contentions of petitioner Frank, it is claimed that by virtue of the erroneous stipulation, there is a failure of proof that the substance he allegedly sold to the informer was heroin. Frank further maintains that the requirement of proof of guilt beyond a reasonable doubt is a matter of constitutional right, and therefore proper for consideration under the Post-Conviction Hearing Act. We disagree. It has been repeated many times that it is not the purpose of the Act to redetermine guilt or innocence. (*People* v. *Derengowski,* 44 Ill.2d 476; *People* v. *Orndoff,* 39 Ill.2d 96.) This conclusion as to the applicability of the statute is not overcome by the language of the United States Supreme Court in *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068, where it was decided that conviction of a juvenile must be based upon the same standard of proof applicable to an adult. Yet, although the reasonable doubt issue cannot be raised under the Act in its own right, Frank maintains that his appointed counsel on appeal acted incompetently in failing to raise the issue of the absence of proof in the appellate court. Thus, to refuse review of the question now, on the grounds that it is not within the purview of the Act, or was waived by failure to raise it on appeal, as the State maintains, is said to prejudice Frank for the incompetence of appointed counsel on appeal. We have

concluded above that where necessary the Act may serve to vitiate the prejudice of waiver attendant upon incompetence of counsel on appeal, by serving as a vehicle for review of all directly appealable issues. Thus, whether Frank is entitled to review under the Act of the failure-of-proof issue, depends upon the determination of his allegation that failure to raise the issue on appeal constituted incompetence of his appointed counsel. We recognize no obligation of appointed counsel to brief every conceivable issue on appeal. It is not incompetence for counsel to refrain from raising those issues which in his judgment are without merit, unless his appraisal of the merits is patently wrong. (See generally, *Bolton* v. *Nelson* (9th cir. 1970), 426 F.2d 807; *United States* v. *Johnson* (9th cir. 1970), 421 F.2d 1342; *Cardarella* v. *United States* (8th cir. 1967), 375 F.2d 222; *Hanger* v. *United States* (E. D. Mo. 1969), 308 F. Supp. 281; *Churder* v. *United States* (E. D. Mo. 1968), 294 F. Supp. 207, aff'd 417 F.2d 663; *Glass* v. *Page* (Okl. Crim. App. 1970), 465 P.2d 775.) We have weighed the merits of the failure-of-proof issue, which was fully briefed by counsel appointed in these proceedings, and we do not believe the issue was so patently meritorious that the failure of appellate counsel to raise the issue on direct appeal constitutes incompetence. We therefore affirm the dismissal of the petition as to this issue.

Frank's current challenge to the legality of the arrest and search is essentially a challenge to the "controlled buy" procedure. The broad issue was raised and decided on appeal, and is now *res judicata*. To the extent the issue presently posed may be distinct from that decided by the appellate court, and therefore not subject to *res judicata*, it is nevertheless barred by waiver. It was available on appeal, and there has been no contention that appointed counsel was incompetent for failure to raise it there.

Attached to Frank's petition in the trial court were numerous affidavits and letters which strongly support the con-

tention that the informer, who testified as "James Henry" against defendant Frank, had in fact been incarcerated for burglary under the name of "James Jones". There is also support for the claim that he had testified falsely about his employment, and about his nonaddiction to narcotics. However, Frank's petition neither stated nor supported in any way the present suggestion that the prosecution knowingly concealed the informer's identity prior to trial and knowingly permitted him to testify falsely.

We accordingly affirm the judgment of the Cook County circuit court.

*Judgment affirmed.*

KLUCZYNSKI and WARD, JJ., took no part in the consideration or decision of this case.