THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID J. DUDMAN *et al.*, Defendants-Appellants.

(No. 12531; )

Fourth District—September 4, 1975.

Samuel S. Blane, of Petersburg, for appellants.

Homer J. Tice, State's Attorney, of Petersburg, for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendants appeal from the orders of the trial court dismissing their respective amended post-conviction petitions without an evidentiary hearing.

Dudman was convicted upon two separate burglaries upon his negotiated pleas of guilty and sentenced to concurrent terms of 4 to 6 years. Those convictions were affirmed upon appeal but the sentences were vacated and the cause remanded for sentence pursuant to the Unified Code of Corrections. *People v. McGuire*, 13 Ill.App.3d 68, 299 N.E.2d 761 (abstract opinion).

McGuire negotiated and entered pleas of guilty to burglary and theft over $150. Concurrent sentences of 4 to 6 years were imposed. Under direct appeal his conviction of burglary was affirmed, but the sentence was vacated and the cause remanded for sentence in compliance with the Unified Code of Corrections. The conviction for theft was reversed. *People v. McGuire*, 13 Ill.App.3d 68, 299 N.E.2d 761 (abstract opinion).

The respective petitions have in common allegations that counsel on appeal failed to raise certain issues, although requested to do so:

1. That defendants were induced to plead by introduction of improperly seized evidence;

2. That trial counsel failed to file motions to discover physical evidence, to suppress physical evidence and to discover admissions and confessions by codefendants, and failed to file proceedings to determine the psychiatric status of the defendants;

3. That the trial court failed to make sufficient admonitions under Supreme Court Rules 401 and 402, wherein the court failed to admonish concerning the waiver of the indictment and to explain the penalties for the respective offenses.

In addition, it is alleged that trial counsel for Dudman improperly advised him to plead guilty.

Upon the issue of the failure by counsel to file a motion to discover the confessions or admissions of codefendants, their respective motions alleged no facts which show that such existed or were actually made. The proceedings disclose the factual basis for the respective pleas contains no reference or other indication of any confessions or admissions. The record specifically shows that the defendant McGuire did admit the burglary in open court.

Neither petition alleges any facts which show an illegal seizure of evidence that might be suppressed upon motions. The factual basis of the pleas show that defendants were arrested at the scene of one burglary and that at such time their automobile was searched for fruits of the crime. The record shows both probable cause to arrest and probable cause to search the car within the rule of *Chambers v. Maroney*, 399 U.S. 42, 26 L.Ed.2d 419, 90 S.Ct. 1975.

The defendants argue that Supreme Court Rule 401(b) requires that the State's Attorney expressly concur in a waiver of indictment by defendant. This record clearly demonstrates that there was such waiver by the State's Attorney as a matter of fact.

Defendants argue insufficient admonition under Supreme Court Rule 402. Upon appeal the record was examined in this court upon a similar contention in Dudman's pro se brief. It was determined that as to Dudman the record showed a substantial compliance with the rule. We

have examined the record made at the time of taking the McGuire plea and find that there was a substantial compliance with the rule.

The record discloses inquiry by the court and a finding that each defendant was competent. The record supports such finding.

Dudman argues that his appointed attorney improperly advised defendant to plead guilty, overcoming defendant's desire to stand trial. The record shows that Dudman responded to the court's specific inquiries by stating that he clearly understood every charge against him, that he had discusssed the facts and circumstances with counsel and that he, Dudman, felt that counsel had done everything that anyone could do as counsel to assist him. He immediately thereafter renewed his plea of guilty. This record refutes the present claim.

The records disclose that each defendant entered his plea knowingly and understandingly. Upon the authority of *People v. Frank*, 48 Ill.2d 500, 272 N.E.2d 25, we have reviewed all issues and conclude that neither defendant was denied due process in any part of the proceedings. As stated in that opinion:

> "We recognize no obligation of appointed counsel to brief every conceivable issue on appeal. It is not incompetent for counsel to refrain from raising those issues which in his judgment are without merit, unless his appraisal of the merits is patently wrong." 48 Ill.2d 500, 505.

The judgments are affirmed.

Affirmed.

SIMKINS, P. J., and CRAVEN, J., concur.