THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EARNEST LLOYD NICHOLLS, Defendant-Appellant.

(No. 73-47; ▮▮▮▮▮▮▮)

Fifth District—November 13, 1975.

James R. Streicker and Victoria J. Meyers, both of State Appellate Defender's Office, of Chicago, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Earnest Lloyd Nicholls, hereinafter referred to as petitioner, brought a petition for relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat., ch. 38, § 122—1 et seq.) Following an evidentiary hearing the request for relief was denied. From the denial of relief this appeal is brought.

Petitioner was convicted of murder, in a jury trial, and sentenced to a term of imprisonment from 100 to 150 years. On appeal to the Supreme Court of Illinois the conviction was affirmed. (People v. Nicholls, 44 Ill.2d 533, 256 N.E.2d 818.) While the appeal to the Supreme Court was pending, petitioner filed a pro se petition for post-conviction relief. The cause was continued pending final disposition of the direct appeal to the Supreme Court.

A few months after the conviction was affirmed, counsel was appointed to represent petitioner in the post-conviction hearing. The hearing was then held on June 22, 1972, and on November 15, 1972, the order denying the petition was entered.

The only issue raised in this appeal is whether the evidence at the post-conviction hearing clearly established that petitioner's right to assistance of counsel was violated by the use at trial of a confession obtained from him without the presence of counsel. Petitioner contends that the evidence adduced at the post-conviction hearing clearly showed a violation of the right to counsel under the rule announced in Escobedo v. Illinois, 378 U.S. 478, 12 L.Ed.2d 977, 84 S.Ct. 1758. In Escobedo Mr. Justice Goldberg, writing the opinion of the court, stated:

"We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' Gideon v. Wainwright, 372 U.S. at 342, and that no statement elicited by the police

during the interrogation may be used against him at a criminal trial." (378 U.S. 478, 490-91, 12 L.Ed.2d 977, 986, 84 S.Ct. 1758, 1765.)

Petitioner asserts that all of the factors which together render a confession inadmissible under *Escobedo* are present in the instant case. Most importantly, petitioner asserts that several times during the interrogation in which his confession was elicited he asked for and was denied the assistance of counsel.

In the direct appeal made by petitioner to the Illinois Supreme Court several issues were raised, as can be seen in the opinion of the Supreme Court:

> "Defendant now contends that his oral confessions should have been excluded because of failure to arraign him promptly, lack of proper warnings, failure of notice and coercion; that he was not properly warned of his right to counsel and his right to remain silent; that his right of cross-examination was unduly restricted; and that he was not proved guilty beyond a reasonable doubt." ( 44 Ill.2d 533, 535.)

Addressing itself to the confession made by petitioner, the court stated:

> "Even apart from this [the *Miranda*] rule, we have examined the record and find that defendant was adequately warned at all times; that no semblance of coercion or pressure was exercised by the police, and that defendant knowingly and freely volunteered the information he gave. The trial court's finding was not contrary to the manifest weight of the evidence, and his order dismissing the petition to suppress confessions was proper." 44 Ill.2d 533, 538.

■■ Petitioner now asserts that the Sixth Amendment error now claimed has not been reviewed, because he only cited (in the direct appeal to the Supreme Court) the failure of authorities to warn him of his right to counsel, in support of his Fifth Amendment argument. Initially, we should point out that there is some authority for saying that once a criminal defendant has elected to explore the issue of the admissibility of his confession in a Fifth Amendment framework he may later find himself estopped from exploring that issue in a Sixth Amendment framework. For, as Mr. Justice Stewart has recently explained, the primary concern of *Escobedo* is the protection of the Fifth Amendment privilege against self-incrimination, not the Sixth Amendment right to counsel:

> "[T]he Court in retrospect perceived that the 'prime purpose' of *Escobedo* was not to vindicate the constitutional right to counsel as such, but, like *Miranda,* 'to guarantee full effectuation of the

privilege against self-incrimination \* \* \*.' Johnson v. New Jersey, 384 U.S. 719, 729." *Kirby v. Illinois*, 406 U.S. 682, 689, 32 L.Ed.2d 411, 417, 92 S.Ct. 1877, 1882.

However, we need not rest our decision on this basis; for, as will be seen below, there is another ground upon which the decision of the trial court must be affirmed.

In Illinois it is well established that any errors which could have been raised on direct review of a criminal case, and which were not raised, are waived for purposes of post-conviction proceedings. (*People v. James*, 46 Ill.2d 71, 263 N.E.2d 5; *People v. Ward*, 48 Ill.2d 117, 268 N.E.2d 692, *cert. denied*, 404 U.S. 849, 30 L.Ed.2d 87, 92 S.Ct. 155; *People v. Frank*, 48 Ill.2d 500, 272 N.E.2d 25.) In *Frank* the court stated:

"To the extent the issue presently posed may be distinct from that decided by the appellate court, and therefore not subject to *res judicata*, it is nevertheless barred by waiver. It was available on appeal, and there has been no contention that appointed counsel was incompetent for failure to raise it there." 48 Ill.2d 500, 505, 272 N.E.2d 25, 28.

In the instant case petitioner has not based his claim on newly discovered evidence, and he has offered no explanation for the failure to raise the Sixth Amendment issue on direct appeal to the Supreme Court. In view of the explanation of *Escobedo* given by Mr. Justice Stewart in *Kirby*, it seems petitioner's counsel on appeal to the Supreme Court took the proper approach to the problem of petitioner's confession by exploring the issue in a Fifth Amendment framework. Moreover, petitioner has made no contention here that his counsel was incompetent for not exploring the issue in a Sixth Amendment framework before the Supreme Court.

■■ Finally, we do not feel that this is a proper case for relaxation of the waiver rule, as was *People v. Hamby*, 32 Ill.2d 291, 205 N.E.2d 456. In *Hamby* the defendant sought to raise certain claims on direct review; however, his counsel apparently considered the errors without merit and did not raise them. Defendant then sought to proceed *pro se* in order to be able to assert the claims, but he was denied leave to proceed *pro se*. In a post-conviction proceeding defendant raised the questions he had been unable to raise on direct appeal. The Supreme Court held that under such circumstances it would be unfair to say that the defendant had waived such questions. The instant case, on the other hand, presents no similar set of facts upon which this court should refuse to apply the general waiver rule.

654

For the foregoing reasons the decision of the circuit court is affirmed.

Affirmed.

EBERSPACHER and CARTER, JJ., concur.