THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* JAMES BENNETT, Petitioner-Appellant.

First District (4th Division) No. 61328

Opinion filed March 10, 1976.

Zeitlin and Schwab, of Chicago (Lance Haddix, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael E. Shabat, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The defendant-petitioner, James Bennett, appeals from an order granting the motion of the State to dismiss his *pro se* petition for relief under the Post-Conviction Hearing Act. Ill. Rev. Stat. 1973, ch, 38, §122—1 *et seq.*

Defendant was found guilty of both murder and armed robbery by a jury and was sentenced to serve a term of 50 to 100 years in the penitentiary. Direct appeal was taken to this court which affirmed in *People v. Bennett* (1973), 9 Ill. App. 3d 1021, 293 N.E.2d 687. That decision rejected the following three contentions raised by the defendant:

(1) that he was not proven guilty beyond a reasonable doubt because the identification was vague, doubtful and uncertain; (2) that the State committed prejudicial error by introducing evidence of another crime to establish defendant's scheme or design; and (3) that his sentence was excessive and should be reduced.

Thereafter, the defendant filed a petition under the Post-Conviction Hearing Act *pro se.* In addition a "Brief in Support of Pro Se Petition for Post Conviction Relief" was filed by appointed counsel. The State's motion to dismiss the petition was granted, and petitioner appeals from the resulting order of dismissal.

Petitioner contends that his constitutional rights have been violated in that: (1) his arrest was invalid; (2) he appeared in a lineup without being informed of his right to have counsel present; (3) the trial court admitted evidence of another crime; (4) he made unadvised stipulations of fact at trial; (5) the prosecutor commented on petitioner's failure to produce witnesses; and (6) the sentence was excessive.

■■ Where an appeal was taken from a conviction, the judgment of the reviewing court is *res judicata* as to all issues actually raised. (*People v. Beckham* (1970), 46 Ill. 2d 569, 264 N.E.2d 149; *People v. French* (1970), 46 Ill. 2d 104, 262 N.E.2d 901.) Two contentions raised by petitioner before this court were actually raised in petitioner's direct appeal. In *People v. Bennett* (1973) 9 Ill. App. 3d 1021, 293 N.E.2d 687, this court carefully considered both the excessive sentence and the evidence of other crime questions now raised in petitioner's post-conviction petition. Those issues, therefore, were rendered *res judicata.*

As to petitioner's remaining four contentions, this court has concluded that they could have been presented on direct review, were not, and therefore are deemed waived. (*People v. Derengowski* (1970), 44 Ill. 2d 476, 256 N.E.2d 455; *People v. Rose* (1969), 43 Ill. 2d 273, 253 N.E.2d 456.) Petitioner, however, seeks to avoid the doctrine of waiver by relying on *People v. Hamby* (1965), 32 Ill. 2d 291, 205 N.E.2d 456, and *People v. Frank* (1971) 48 Ill. 2d 500, 272 N.E.2d 25. In *Frank,* the court stated (48 Ill. 2d 500, 503-04, 272 N.E.2d 25, 27):

> "We have earlier suggested that the doctrine of waiver ought not to bar issues from consideration under the Post-Conviction Hearing Act where the alleged waiver stems from incompetency of appointed counsel on appeal [citations] * * *. This notion comports with related holdings that waiver will not apply where it would act as a denial of due process [citations], or of fundamental fairness (*People v. Hamby,* 32 Ill. 2d 291) where appointed counsel on appeal thwarted the defendant's vigorous and manifest efforts [citations] to raise additional issues. * * * [W]e con-

clude that the Act provides a proper vehicle for review of those issues as to which review by direct appeal has been unconstitutionally denied by deprivation of  *  *  *  the right to competent counsel on appeal, or the concept of fundamental fairness."

■■  In the case at bar, the petition is devoid of any allegation of incompetency of appellate counsel. This allegation is found only in appointed counsel's brief in support of the *pro se* petition. However, even if we were to consider the brief as a signed amendatory or supplemental petition (see *People v. Redmond* (1973), 10 App. 3d 55, 294 N.E.2d 5 (abstract opinion), the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—2), requires that defendant's petition "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." In this case, petitioner's allegation of incompetent appellate counsel is unsupported by any evidence and fails to state why the allegation is unsupported. "It is not incompetence of counsel to refrain from raising those issues which in his judgment are without merit, unless his appraisal of the merits is patently wrong." (*People v. Frank* (1971), 48 Ill. 2d 500, 505, 272 N.E.2d 25, 28.) This court has examined the record in the instant case and finds that failure to raise the four issues not previously raised on direct appeal was not incompetence of counsel.

For the above reasons, the judgment order of the Circuit Court of Cook County is affirmed.

Order affirmed.

DIERINGER and BURMAN, JJ., concur.