THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v.
LARRY C. HAYES, Petitioner-Appellant.

Second District   No. 2—85—0630

Opinion filed June 24, 1986.

Paula Brooks Tarr, of Wheeling, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Kenneth R. Boyle, of State's Attorneys Appellate Service Commission, of Springfield, and Wil-

liam L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Larry C. Hayes, entered a plea of guilty to unlawful delivery of a controlled substance containing less than 10 grams of cocaine (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(c)), a Class 2 felony, and was sentenced to a 14-year extended term of imprisonment. In a Rule 23 order, his conviction was affirmed by this court on appeal in which he raised only sentencing error. Defendant then filed a petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 et seq.). Following the appointment of counsel and the filing of supplemental petitions, the petitions were denied without an evidentiary hearing.

The issue raised on appeal is whether the denial of his post-conviction petitions without an evidentiary hearing was error because the record demonstrates that his trial and appellate counsel in the original proceedings failed to provide him with effective assistance of counsel in presenting the issue of a violation of the Federal Posse Comitatus Act (18 U.S.C. sec. 1385 (1982)).

The pro se post-conviction petitions and the post-conviction petition filed by defendant's appointed counsel raise one issue, inter alia, for which defendant seeks review upon the denial of the petitions. Defendant contends that his pretrial motion to suppress evidence was not handled in competent fashion by his trial counsel and that his appellate counsel in his direct appeal was incompetent for failure to investigate, raise, and argue the suppression issue and for only raising a sentencing issue. He argues that he filed a pro se motion to suppress evidence before trial which raised the constitutionality of the search and seizure of certain evidence and a violation of the Posse Comitatus Act. He contends that his trial counsel also filed a motion to suppress evidence, but the motion did not include the Posse-Comitatus-Act violation and his counsel refused to present that issue to the trial court. The motions to suppress were denied following a hearing. Regarding the asserted Posse-Comitatus-Act violation, defendant argues that agents of the office of Naval Intelligence, Naval Investigative Services (NIS) at the Great Lakes Naval Base actively participated in his investigation and arrest. He maintains that such activities violate the Posse Comitatus Act which provides:

"Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or the Air Force as a posse comitatus or

otherwise to execute the laws shall be fined not more than $10,000 or imprisoned not more than two years, or both." (18 U.S.C. sec. 1385 (1982).)

Finally, defendant contends that a violation of the Posse Comitatus Act should invoke the exclusionary rule and require suppression of the evidence seized.

The State responds first by raising issues of *res judicata* arising from the direct appeal and of waiver by his plea of guilty. Under the circumstances here, where neither trial nor appellate counsel thought the Posse-Comitatus-Act issue sufficiently meritorious to be raised at trial or in direct appeal, we will not apply *res judicata* or waiver to automatically bar defendant from raising his ineffective-assistance-of-counsel argument. (See *People v. Barnard* (1984), 104 Ill. 2d 218, 229, 470 N.E.2d 1005; *People v. Frank* (1971), 48 Ill. 2d 500, 503-04, 272 N.E.2d 25.) Instead, we shall examine his claim of ineffective assistance of counsel as it pertains to the merits of his argument that a Posse-Comitatus-Act violation occurred which competent trial counsel should have investigated and raised below at the motion to suppress, and his appellate counsel should have raised on his direct appeal. The common law record and the report of proceedings at the hearing on the motion to suppress present adequate facts to determine the merits of defendant's contentions without remand for an evidentiary hearing.

At the evidentiary hearing on the motion to suppress evidence, John H. Schaefer, a special agent with the Office of Naval Intelligence, Naval Investigative Services (NIS) testified that he is a civilian Federal agent employed by the Navy to conduct criminal and counterintelligence investigation for the Department of the Navy. He is not a part of the forces of the Navy and conducts investigations for the Department of the Navy. NIS agents occasionally wear navy uniforms in undercover work. In September 1983, a sailor was found in possession of cocaine, and, during an interview with Schaefer, he told Schaefer that he obtained the cocaine at the General Music Arcade "on the strip area." Schaefer contacted Detective Dave Fermaint of the North Chicago police department, with whom he had worked in the past. Fermaint testified that he had worked with NIS for over five years, and periodically, they would run concurrent investigations involving civilians and Navy personnel. As Fermaint also had some information, they agreed on a joint investigation.

On November 22, 1983, Schaefer and another NIS agent together with Fermaint and another police detective had arranged for the surveillance of the General Music Arcade. NIS agent Edmonds was to make a buy of cocaine and then was to signal Fermaint. After the sig-

nal was given, an arrest of defendant was made by Detective Fermaint. NIS agent Richard Edmonds testified that he was acting as an undercover agent on November 22, 1983, and had prearranged for a cocaine buy on that date. He met the other NIS agent and the North Chicago police department detectives to work out details of the "buy-bust" on November 22. He received $650 from the detective and a signaling device. He met defendant at the General Music Arcade. He had seen defendant there on a previous occasion when he purchased cocaine.

Edmonds arranged to buy $650 worth of cocaine. They went to a bathroom in the building, and defendant pulled out a brief case. Edmonds received packets containing cocaine, paid $650 to defendant, and pressed a signaling device for the other officers. Detective Fermaint arrived and arrested the defendant. Edmonds later turned the cocaine over to the North Chicago police department. North Chicago police officers also conducted a search of the bathroom and seized the briefcase.

■ The Posse Comitatus Act expressly applies only to the use of any part "of the Army or the Air Force" to execute the laws and provides for a criminal penalty for its violation. (18 U.S.C. sec. 1385 (1982).) While it has been held that the Act by its express terms does not apply to the Navy (*United States v. Roberts* (9th Cir. 1986), 779 F.2d 565, 567) it is generally found that as a matter of policy the Department of Navy has adopted the restrictions of the Act (*United States v. Walden* (4th Cir. 1974), 490 F.2d 372, 374) and the Act applies to all branches of the Federal military (*People v. Wells* (1985), 175 Cal. App. 3d 876, 221 Cal. Rptr. 273, 275). We need not resolve whether the civilian NIS agents here are part of the Navy and whether the Act applies to the Navy, for under the facts presented here we find no violation of the Act.

The Posse Comitatus Act became law in 1878, and was originally enacted as a response to the use of military personnel to enforce the law in the South during reconstruction (*United States v. Hartley* (M.D. Fla. 1980), 486 F. Supp. 1348, 1356), and was perceived to be necessary by the "meddling" of the Federal troops in the 1876 presidential elections in the South (*People v. Wells* (1985), 175 Cal. App. 3d 876, 221 Cal. Rptr. 273, 274; see generally Meeks, *Illegal Law Enforcement: Aiding Civil Authorities in Violation of the Posse Comitatus Act*, 70 Mil. L. Rev. 83, 86-93 (1975)). Numerous decisions with facts similar to those presented here have found that no violation of the Act occurs if the aid is not characterized as military and the investigation merely coordinates with civilian police. (See *People v. Wells* (1985), 175 Cal.

App. 3d 876, 221 Cal. Rptr. 273; *People v. Burden* (1981), 411 Mich. 56, 303 N.W.2d 444; *Hubert v. State* (Okla. Crim. App. 1972), 504 P.2d 1245; *State v. Maxwell* (W. Va. 1985), 328 S.E.2d 506.) More importantly, with few exceptions, the courts have uniformly held that the exclusionary rule does not apply to evidence seized in violation of the Posse Comitatus Act. *United States v. Roberts* (9th Cir. 1986), 779 F.2d 565, 568; *United States v. Wolffs* (5th Cir. 1979), 594 F.2d 77, 85; *United States v. Walden* (4th Cir. 1974), 490 F.2d 372, 376-77; *Harker v. State* (Alas. App. 1981), 637 P.2d 716, 719; *People v. Wells* (1985), 175 Cal. App. 3d 876, 879, 221 Cal. Rptr. 273, 275; *State v. Danko* (1976), 219 Kan. 490, 495-98, 548 P.2d 819, 823-25; *State v. Sanders* (1981), 303 N.C. 608, 613, 281 S.E.2d 7, 10; *State v. Trueblood* (1980), 46 N.C. App. 541, 542, 265 S.E.2d 662, 663. But see *Bissonette v. Haig* (8th Cir. 1985), 776 F.2d 1384, 1386-87, *rehearing granted* (8th Cir. 1986), 788 F.2d 494; *Taylor v. State* (Okla. App. 1982), 645 P.2d 522, 524-25.

▇▇ ▇ In the instant case, the NIS agents turned over information about criminal activity to the North Chicago police and coordinated their investigative efforts which led to the North Chicago police arrest of defendant and seizure of certain evidence by them. We find no violation of the Act under the facts of this case. Even were there to be a violation, we believe the exclusion of evidence is not warranted under either the Federal or Illinois constitutions.

▇ Thus, even had trial counsel raised the issue of a Posse-Comitatus-Act violation before trial and had appellate counsel raised it on direct review, the defendant would not have prevailed. It is not incompetent for counsel to refrain from raising those issues which in his judgment are without merit, unless his appraisal of the merits is patently wrong. (*People v. Frank* (1971), 48 Ill. 2d 500, 505, 272 N.E.2d 25; see also *People v. Barnard* (1984), 104 Ill. 2d 218, 229-30, 470 N.E.2d 1005.) Moreover, there is no prejudice suffered by defendant where the motion, if made, would be properly denied. Therefore, defendant has failed to demonstrate incompetent representation, and the dismissal of his post-conviction petitions without an evidentiary hearing based on this claim was proper. See *People v. Gaines* (1984), 105 Ill. 2d 79, 96, 473 N.E.2d 868.

For the foregoing reasons, the denial of the post-conviction petitions without an evidentiary hearing will be affirmed.

Affirmed.

NASH, P.J., and SCHNAKE, J., concur.