(No. 42384.—
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CHARLES E. ROBINSON, Appellant.

*Opinion filed September 29, 1970.*

230

GERALD W. GETTY, Public Defender, of Chicago, (GEORGE L. LINCOLN and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JAMES W. REILLEY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

In a jury trial in the circuit court of Cook County Charles E. Robinson was found guilty of the crime of armed robbery and the court sentenced him to a term of two to eight years in the penitentiary. He has appealed alleging that his constitutional rights were violated in that the conduct of the trial court denied him a fair hearing on his motion to suppress identification, thereby depriving him of due process of law. In addition, he alleges certain trial errors relative to admission and exclusion of evidence and undue restriction of cross-examination of the prosecution witness.

The robbery occurred on August 28, 1968, at about 4:25 P.M. on the streets of Chicago. Otis Shanks, the victim, was a truck driver who had just completed his meat delivery to a grocery store when he was approached by a man, whom he later identified as defendant, and, at the point of a gun, was robbed of $163. At the trial Shanks testified that with the gun in his ribs he observed the robber closely as the money was removed from his pants pocket; that after calling the police and giving them an account of the robbery and a description of the robber he saw the man again later that evening on a street corner, but after hailing a police car for assistance the man had disappeared; that the next evening he and a police officer toured the neighborhood in a car and after viewing three or four groups of youths congregated in different areas he finally spotted defendant in another group of six or eight people at about 9:05 P.M.; that he pointed him out as the man who had robbed him, and the police placed him under arrest. The victim and one of the police officers who arrested defendant were the sole witnesses for the prosecution.

Under these circumstances there is no question that a defendant has a right to a fair and impartial hearing to determine whether his identification was based solely on the victim's observation of the robber at the time of the

crime or whether it was improperly influenced either by actions of the investigative officers or other extraneous factors that may have unduly affected the judgment and conclusion of the witness. (*Stovall* v. *Denno*, 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967.) In *People* v. *Blumenshine*, 42 Ill.2d 508, we quoted from *United States* v. *Wade*, 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, and listed several factors to be considered by the trial court in deciding whether an identification has been unduly influenced by unfair procedure: " 'for example, the prior opportunity [how long and how well] to observe the alleged criminal act, the existence [or absence] of any discrepancy between any pre-lineup description and defendant's actual description, * * * failure to identify the defendant on a prior occasion, * * *' and any acquaintance with the suspect prior to the crime."

Here, a hearing was held on defendant's motion to suppress identification but it is the contention of the defendant that the trial court arbitrarily prevented him from offering any relevant evidence in support of his motion and that in effect his so-called hearing was little better than no hearing at all. We have examined the record and find that in defense counsel's attempt to examine the robbery victim the court sustained the State's objection to all of the following questions: whether he had ever seen the robber before or knew his name, whether he had given a description to the police, and if so, what description, whether the police had shown him any photographs to assist him in his identification, whether the police officer had directed his attention to defendant at the time of his arrest, whether he had any conversation with the officer just prior to his identification of defendant, whether, subsequent to defendant's arrest, he had been asked to identify him again while defendant was handcuffed to a chair at the police station. In addition, on several occasions the court refused counsel an opportunity to make an offer of proof, and, finally after threatening

counsel with "trouble" if he did not stop his stalling the court summarily denied the petition, refused to hear any other witnesses and called the jury in for trial.

The State argues that the trial court did not reflect any unfairness or partiality but rather his attitude reflected that of defense counsel who constantly ignored the admonitions of the court to stay within the confines of the petition and stop his "fishing expedition" into the facts of the case; that obviously the identification of defendant was not induced or in any way influenced by the police; that defendant was picked out of a group of people on a public street and that, as held in *People* v. *Cesarz,* 44 Ill.2d 180, a fairer identification procedure can hardly be imagined.

It may be that the court's ill-chosen remarks and the unduly fast and unreasonable manner with which he sustained the State's objections to many simple, relevant questions may have been provoked by the attitude and manner of defense counsel, for it is clearly apparent from the record that many of counsel's questions were repetitious, redundant and less than artful. In fact, it is likewise apparent that a certain long-standing antipathy existed between defense counsel and the prosecutor, which resulted in many exchanges of personal remarks and by-play that were wholly irrelevant and only added to the burden of the court and detracted from the matter at issue. Though provocation may have been the cause, it cannot serve as an excuse, and until defendant has had the fair and impartial hearing to which he is entitled we cannot make an informed judgment as to whether the identification was uninfluenced by improper proceedings resulting in a denial of due process. (*People* v. *Blumenshine,* 42 Ill.2d 508.) However, unlike the direction in this latter case where the conviction was vacated and its reinstatement made dependent upon the results of a new hearing on the identification question we find that in view of all the circumstances of this case justice would be better

served if the cause were reversed and remanded for a complete new trial.

Since this case will be retried we shall discuss only briefly the remaining contentions of defendant in this appeal. He complains that he was not allowed to elicit testimony of the complainant's prior inconsistent statements. However, as the State pointed out, he did not lay a proper foundation by establishing the time and place of such prior statements and it is not likely that this will reoccur. He also complains that the court refused to order the State to turn over to him certain "preparation sheets", allegedly consisting of statements of the complainant made to and typed by a girl in the State's Attorney's office and constituting a resume of that witness's testimony before the grand jury. The State's Attorney contends that this sheet is a work product of his office and not a verbatim or substantially verbatim transcript of a statement of the witness. A copy of the preparation sheet is attached as an appendix to the State's brief and it appears to be a substantially verbatim transcript. In the absence of proof to the contrary, it should be available to the defendant on a retrial.

Defendant's other contentions involve the admission and exclusion of certain evidence. Defendant's sister was not allowed to testify that another person had admitted to her that he and not defendant had committed the robbery. This proffered testimony was pure hearsay and was properly excluded. (*People* v. *Carpenter*, 28 Ill.2d 116.) The court made its ruling based on the general principle that such evidence is not admissible for the purpose of exculpating the accused, and the special circumstances existing in *People* v. *Lettrich*, 413 Ill. 172, cited by defendant, are not applicable here. Finally, a police officer was allowed to testify concerning a conversation between the complainant and another officer relative to the identification of defendant at the time of his arrest. This too was hearsay and even though merely cumulative it should have been excluded.

For the reasons stated the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*