THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES T. BENTLEY, Defendant-Appellant.

(Nos. 56255, 56879 cons.;

First District (3rd Division)—April 19, 1973.

James J. Doherty, Public Defender, of Chicago, (Ian Levin, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane and James T. J. Keating, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant was charged with armed robbery, attempt murder and aggravated battery. After a jury trial, defendant was found guilty of armed robbery and aggravated battery. He was sentenced to a term of four to seven years on each charge, the sentences to run concurrently. The jury found him not guilty of the crime of attempt murder. Four points are raised by defendant on appeal: (1) that the trial judge erroneously denied defendant full and fair hearing on his pre-trial motion to suppress identification testimony; (2) that testimony of a crucial defense witness was erroneously excluded; (3) that the trial judge committed reversible error in refusing to exclude from evidence defendant's prior criminal conviction; and, (4) the trial court erroneously imposed separate sentences for the two crimes arising out of the same conduct.

At a pre-trial hearing on defendant's motion to suppress the identification testimony, the victim of the robbery, Henry Moore, was the only witness. After Moore had testified, the trial court refused to permit defense counsel to call as a witness the police officer who had been present at the victim's photographic identification of the defendant. Although, at the beginning of the hearing, defense counsel had stated that he had a female witness in attendance whom he might wish to call, the trial judge refused to allow him to call any other witnesses at the hearing and summarily denied defendant's motion to suppress identification testimony.

At another proceeding prior to trial, the defendant petitioned the court to exclude from evidence at trial a prior 11 year old conviction for armed robbery. He stated in his petition that he wished to testify at trial, but feared that the prosecution would introduce his prior conviction if he took the stand. Defendant pointed out that in *People v. Montgomery*, 47 Ill.2d 510, 268 N.E.2d 695, the Supreme Court had ruled that a prior conviction more than ten years old was too remote in time to be introduced in evidence. The trial court, in denying defendant's motion, noted that defendant was serving time on the previous conviction within ten years prior to the instant trial, and therefore did not come within the purview of the *Montgomery* rule. Defendant had been released from the penitentiary for the prior conviction almost nine years before the instant trial.

At trial, the victim testified that on the night of April 26, 1970, at approximately 11:30 P.M., he was sitting alone on the passenger side of the front seat of his automobile at an intersection in the City of Chicago. The side window was opened. A man, whom he identified as defendant, came up and, after asking for a match, pointed a gun at him. The victim grabbed the gun from defendant's hand. At this point a shot fired by an

unknown third party struck the victim in the back; the victim dropped the gun he had grabbed on the floor of the car. Defendant entered the car and demanded the victim's money. When the victim stated that the money was in the trunk of the car, the third party withdrew the ignition key and took a suitcase from the trunk. Defendant then ordered the victim to drive the car to an alley two blocks away. There the victim jumped from the car and fled.

The victim was aided by a neighbor and taken to a hospital where he remained for 19 days. At the hospital, ten days after the crime, the victim identified defendant from photographs shown to him by the police officer. The victim further testified that he had originally given the police a description of his assailant as being 5'2" tall with a scar on his left cheek, while defendant was about 5'7" tall with a scar on his right cheek. Although the victim had never seen defendant before, he had heard his name from his girlfriend, Shirley Ervin, and knew that defendant also was dating her.

Shirley Ervin testified at trial that she had dated defendant up until two months prior to the incident in question. She had seen the victim on the evening in question, but had not dated him for three months prior to the crime. After the incident she spoke to defendant about the shooting to which he replied, "He's not hurt, and I don't know what you're talking about." She resumed going out with the victim after the shooting, and was dating him at the time of trial.

Officer Copeland of the Chicago Police Department testified that the victim identified the defendant from photographs exhibited to him at the hospital. He also stated that nothing had been done to suggest defendant's identification to the victim. Names were on the back of the photographs shown to the victim. Officer William Mikolitis of the Chicago Police Department testified that he had obtained the picture of defendant shown to the victim from Shirley Ervin.

At trial defendant offered evidence of an alibi. As we have noted, he did not take the stand in his own behalf.

Josephine Hill, an aunt of defendant and an acquaintance of the victim, was to testify as to some statements made to her by the victim. However the court sustained objections to her testimony on the grounds that no proper foundation had been laid for such impeachment testimony. An offer of proof was made that she would have testified that the victim told her at the hospital that he was unable to identify his assailants.

We shall first consider defendant's contention that he was denied a fair and impartial hearing on his motion to suppress the identification testimony of the victim. Defendant maintains that the summary denial

of his motion without giving him the opportunity to call additional witnesses constituted reversible error.

■■ A defendant is entitled to a full and fair pre-trial hearing on a motion to suppress identification testimony. (*People v. Robinson,* 46 Ill.2d 229, 263 N.E.2d 57.) The failure to conduct such a hearing, or erroneous rulings in the hearing, may constitute harmless error where it is apparent from the record that there clearly was an independent basis for the identification. (*People v. Nudo,* 131 Ill.App.2d 930, 268 N.E.2d 894; *People v. Braden,* 34 Ill.2d 516, 216 N.E.2d 808.) Where such is not the case, reversal is required. *People v. Pugh,* 133 Ill.App.2d 168, 272 N.E.2d 742.

■■ In the present case, the error of the trial judge in refusing to allow defense counsel to present witnesses cannot be said to be harmless. The trial court summarily denied defendant's motion after hearing only one witness, the victim, and refused to permit defendant to call another witness. We cannot glean from the record what evidence might have been presented by the defendant if he had been allowed to proceed in an orderly manner. The court had no ground for assuming the victim's testimony with regard to identification procedures was definitive.

We believe that the *Robinson* case, *supra,* is controlling. In that case, as here, the court at a preliminary hearing prevented the offering of possibly relevant evidence. In reversing the conviction, the Supreme Court stated at p. 233:

"* * * and until defendant has had the fair and impartial hearing to which he is entitled we cannot make an informed judgment as to whether the identification was influenced by improper proceeding resulting in a denial of due process."

The same is true in the instant case.

Although in a similar situation the conviction has been vacated (*People v. Blumenshine,* 42 Ill.2d 508, 250 N.E.2d 152) "and its reinstatement made dependent upon the results of a new hearing on the identification question we find that in view of all the circumstances of this case justice would be better served if the cause were reversed and remanded for a complete new trial." *People v. Robinson,* 46 Ill.2d 229, 233-234, 263 N.E.2d 57, 59.

Our decision on defendant's first contention renders a discussion of his additional point unnecessary. At retrial proper foundation can be laid so that defendant's impeachment witness may be used. Additionally, defendant's prior criminal conviction and imprisonment will then come within the purview of the rule enunciated in *People v. Montgomery, supra.* It would also appear that, if defendant after retrial is again found

guilty of armed robbery and aggravated battery, defendant's argument that both crimes arose out of the same conduct would appear to be valid. Under such circumstances, defendant should be sentenced only for the more serious offense of armed robbery. See *People v. Miller*, 2 Ill.App.3d 206, 276 N.E.2d 395.

Accordingly, the judgment of the circuit court is reversed and the cause is remanded for further proceedings not inconsistent with the holdings of this opinion.

Judgment reversed and cause remanded.

DEMPSEY, P. J., and McGLOON, J., concur.