THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
RANDALL W. JONES, Defendant-Appellee.

Fifth District   No. 75-509

Opinion filed January 19, 1977.

Kelly D. Long, State's Attorney, of Hillsboro (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

A. Paul Rosche, Jr., of Hillsboro, for appellee.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

This case comes to us on appeal from an order entered by the Circuit Court of Montgomery County. The order granted the motion of the defendant to suppress evidence seized from a search of defendant's automobile. The appeal by the State is pursuant to Supreme Court Rule 604 (Ill. Rev. Stat. 1975, ch. 110A, par. 604).

On March 22, 1975, an Illinois State Trooper stopped the defendant Randall W. Jones for erratic driving. The defendant stepped out of the car, and after some discussion was placed under arrest for driving while intoxicated. The arresting officer then searched the car, apparently for alcoholic beverages or weapons, looking in the back seat, under the front seat and in other areas of the car. Finding no alcoholic beverages, weapons, or contraband, the officer ceased searching, and radioed for assistance. The officer also called Blatter Motors in Litchfield for a tow truck. Trooper Garwood arrived at the scene in response to the call for assistance. Since the tow truck did not arrive, the State policemen drove to Blatter Motors in Litchfield where they turned over the keys to defendant's car to Paul Blatter. Mr. Blatter was to have someone drive the car to the garage on behalf of the defendant. At no time did the police seize or impound the car, or instruct Mr. Blatter as to who was to have access to the defendant's automobile.

The officers and the defendant then proceeded to the Hillsboro Police Department where preparations were made for a breathalizer test, which defendant subsequently refused to take. As part of a routine search, now some 1½-2 hours after his arrest, the assisting officer found a small bag in the defendant's jacket containing 22.3 grams of marijuana, a violation of section 4(c) of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 704(c)), a Class A misdemeanor.

After the defendant had been charged and taken to the Montgomery County Jail in Hillsboro, the arresting and assisting officer returned some nine miles to Litchfield, and without a warrant or defendant's permission, searched the defendant's car in the presence of Mr. Blatter. In order to find the vehicle identification number, which the officers claimed was the purpose of the search, the officers opened the glove compartment and discovered a bag containing 110.5 grams of marijuana. The defendant

was subsequently charged with a violation of section 4(d) of the Act (Ill. Rev. Stat. 1975, ch. 56½, par. 704(d)), a Class 4 felony.

After a hearing upon a motion to suppress the evidence, the Circuit Court of Montgomery County granted the defendant's motion to suppress evidence illegally seized from the second search of defendant's automobile at Blatter Motors. The court granted the State's petition for rehearing, and pursuant to this proceeding, found again for the defendant.

The court ruled that said search was not incident to a lawful arrest; that said vehicle was not impounded by the police and under their control; that said search was too far removed from the arrest; and further, that there was ample opportunity to obtain a search warrant. The search was therefore unreasonable and defendant's motion to suppress was granted.

The State, in its appeal to this court, contends that the second search of defendant's automobile was reasonable because the police had probable cause to search the car after finding marijuana on his person following his arrest for driving while intoxicated. The State also contends that the search of defendant's car to obtain the vehicle identification number was likewise reasonable as part of thorough police procedures. There is no attempt to justify the search as an inventory search as the car was not in police custody. *Cf. South Dakota v. Opperman,* 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092, (1976).

■■ The law of automobile searches has had a somewhat checkered past, with the courts making various advances and retreats from their positions. While circumstances under which warrantless searches of automobiles upheld as reasonable under the Fourth Amendment have been varied, there is a recurring theme in all cases: A warrantless search of an automobile can be justified only under the existence of "exigent circumstances." *Chambers v. Maroney,* 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975 (1970); *Coolidge v. New Hampshire,* 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971); *Preston v. United States,* 376 U.S. 364, 11 L. Ed. 777, 84 S. Ct. 881 (1964).

Exigent circumstances are those that are so compelling that a search without a warrant is reasonable under those conditions. The courts have found exigent circumstances to exist in a variety of fact situations; many of these have included probable cause to believe that contraband was being transported in the vehicle searched on the roadside (*Carroll v. United States,* 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280 (1925)); a threat to public safety by the presence of a weapon police had probable cause to believe was in the automobile searched (*Cady v. Dombrowski,* 413 U.S. 433, 37 L. Ed. 2d 706, 93 S. Ct. 2523, (1973)); and probable cause to believe that the fruits of a crime, and weapons used in the crime for which the arrest was made were within the vehicle searched (*Chambers v.*

*Maroney*, 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975 (1970)). Although not a sole test (*United States v. Rabinowitz*, 339 U.S. 56, 94 L. Ed. 653, 70 S. Ct. 430 (1950)), another consideration in determining whether circumstances were so compelling as to justify a warrantless search is whether it was practicable or reasonable to obtain a search warrant.

In the case at bar, we find, as did the court below, that this search cannot be justified as reasonable under the Fourth Amendment. The search certainly was not incident to an arrest, the car being some nine miles from the scene of defendant's arrest for possession of marijuana. There were no exigent circumstances compelling the Illinois State Troopers to search the defendant's car without a warrant. There was no danger that the defendant would move the car from the jurisdiction because the defendant was in custody, could not make bond, and was too intoxicated to drive. The police had not impounded or otherwise taken control of the automobile, as evidenced by fact that it was left unlocked on private property, and that defendant could have taken the car at any time; had he been able to post bond and had he been sober enough to drive. There was no threat to public safety in that there was no probable cause to believe the car contained a weapon. Also, a warrant would not have been difficult to obtain at 9 a.m., the time of the defendant's arrest at the Hillsboro Police Station for possession of marijuana.

The State cites on its behalf *People v. Wolf*, 60 Ill. 2d 230, 326 N.E.2d 766 (1975); *People v. Jones*, 38 Ill. 2d 427, 231 N.E.2d 580 (1967); and *People v. Hanna*, 42 Ill. 2d 323, 247 N.E.2d 610 (1969). All of these cases, however, can be distinguished on their facts from the one at bar.

The State claims that *People v. Wolf* supports its contention that the finding of contraband in an automobile creates probable cause to search without a warrant other areas of the car for additional contraband. This is easily distinguished from the instant case in that the first marijuana found was discovered on the defendant's person, some nine miles from his car. In *Wolf*, the marijuana was found in the car's ashtray, and the subsequent search was conducted immediately and on the roadside. Also, in the case at bar, there was no danger from the nature of the car's mobility, as there was in *Wolf*, because the defendant was in custody.

*People v. Jones* and *People v. Hanna* can be distinguished in that evidence in the cars, in plain view of the officers, indicated that there would be further fruits of the crime discovered in the automobile. In both *Jones* and *Hanna* the cars had been seized by the police and taken to the stationhouse. In both these cases there was probable cause to believe that the vehicles were used to transport stolen goods and that the majority of these goods were still in the cars when impounded. Again, in both cases, the search was definitely related to the crimes for which the original arrests were made. In *Jones*, there was the additional fact that the

defendant had abandoned the car when he fled from the scene of the crime.

The State has also cited *Chambers v. Maroney*, 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975 (1970), in support of its contention that probable cause existed to search the defendant's car, and thus justified the warrantless search. The circumstances in *Chambers*, however, were different from those in the case at bar in that the officers had probable cause to believe that the fruits of the crime for which the arrest took place were in the car; there was also probable cause to believe that a weapon was in the vehicle. Due to the late hour and the fact that the arrest took place on a dark parking lot, it was reasonable for the police to take the car to the station and promptly search it.

The State has misconstrued the words of the court when it cites as supportive of its statement that it was of no consequence that the search was conducted following an arrest at a location other than the scene of arrest. The words of the Supreme Court concerning this point are:

> "For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." *Chambers v. Maroney*, 399 U.S. 42, 52, 26 L. Ed. 2d 419, 428, 90 S. Ct. 1975, 1981 (1970).

These words must be taken in context of the court's immediately preceding discussion, which indicates that "carrying out an immediate search without a warrant" refers to a search immediately incident to a roadside arrest. Also, *Chambers* does not do away with the "exigent circumstances" test, as explained in *Coolidge v. New Hampshire*, 403 U.S. 443, 29 L. Ed. 2d 564, 91 S.Ct. 2022 (1971), and as has been shown previously, there were no exigent circumstances in the case at bar justifying the warrantless search.

■■ The State also attempts to justify its intrusion into the defendant's automobile on the grounds that it was necessary to obtain the vehicle identification number. This purpose cannot be used to clothe the officers' search with reasonableness. If the officers truly had wanted to positively identify the ownership of the car, they would not have looked for a vehicle identification number in the glove compartment printed on an easily altered piece of paper like the title and registration documents, but would have looked for the number that is located on the vehicle itself. Customarily, a vehicle's identification number is imprinted somewhere on the engine or car chassis; it is highly unlikely that it would be in the glove compartment. The claim that the officers looked in the glove compartment because they didn't know where the number was located

on a 1965 Corvair belies their 13 and 17 years of experience on the police force.

The officers stated in their testimony that they had no particular reason to suspect that the car was stolen. The State argues that their search for the vehicle identification number was dictated by prudent police procedures when they had assumed responsibility for the automobile. Such responsibility was not assumed, however, for the car was left unlocked and unattended on private property. To allow the police to search without a warrant a car in such circumstances under the guise of obtaining a vehicle identification number would render meaningless the requirement of an independent determination of probable cause that insures Fourth Amendment protection.

■■ We therefore find that because the search was not incident to a lawful arrest; there were no exigent circumstances because the defendant was in police custody and a warrant was readily obtainable; the automobile was not impounded or otherwise under police control; and because the need for a vehicle identification number did not justify the scope of the intrusion, the officers' warrantless search was unreasonable under the Fourth Amendment and the order of the Circuit Court of Montgomery County granting the motion of the defendant to suppress the evidence is affirmed.

Affirmed.

KARNS and EBERSPACHER, JJ., concur.