THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. PAIGE S. DENNISON, Defendant-Appellee.

Fifth District   No. 77-6

Opinion filed May 15, 1978.—Rehearing denied July 10, 1978.

William A. Schuwerk, Jr., State's Attorney, of Chester (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Michael J. Rosborough and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, and Terry Seeberger, research assistant, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The State appeals from an order which granted defendant's motion to suppress evidence and dismissed the cause.

On the afternoon of August 22, 1976, law enforcement officials received a report of a car abandoned about 1½ miles north of Sparta. The car was a 1973 tan Dodge Polara with a darker tan top. The car had been stripped and was missing the coil assembly, alternator, all four wheels, the spare tire, and the radiator. In removing the radiator the hose had been cut. On the rear bumper were two stickers. One read, "KKSS" and the other "Speed on Brother, Hell ain't half full." On running a computer check the officers learned that the car had been stolen in Missouri on August 20, that it had formerly been a police vehicle and that the registered owner was Cardell Johnson.

One of the investigating officers recognized the vehicle, partially on the basis of the bumper stickers, as one he had seen parked in town the day before in the front yard of the defendant's residence. Two officers went to defendant's house and parked directly in front. In defendant's front yard was a 1967 Ford station wagon which was registered in the name of the defendant's wife. From the sidewalk they observed a radiator lying in the front yard with what looked like a piece of cut hose protruding from it. The radiator was about three feet from the station wagon and partially concealed by a 12-inch piece of carpeting. The officers walked up to the house and knocked on the front door. When the defendant answered the knock they advised him of his constitutional rights. One of the officers then noticed four tires with rims the same color as the abandoned car lying against the fence about 15 to 20 feet from where the trio was standing. The defendant was placed under arrest. The officers took defendant over to his 1967 Ford station wagon where they observed through the open rear window a coil assembly, an alternator, pieces of carpeting, two Dodge hubcaps, a lug wrench and a tool box which defendant identified as his. The alternator was a 40 amp, the size normally used in police vehicles as contrasted to nonpolice vehicles which ordinarily use a 32 amp size.

The station wagon was impounded and towed to the police station where it was discovered that one of its rims and tire was that of a Dodge vehicle. An inventory search of the station wagon was conducted in the course of which the tool box was opened and various papers bearing the name of the owner of the abandoned car were found in it. All the items mentioned as being observed in the station wagon, as well as the papers from the tool box, were seized as evidence.

The defendant was charged by information with theft over $150. On the date set for trial, defendant filed a motion to suppress all seized items

which was granted, and on the same day the court also granted defendant's oral motion to dismiss the cause.

■■ First, both the State and the defendant recognize in their briefs before this court that the trial court's action in dismissing the cause was contrary to statutory directive and therefore in error. The applicable statute provides that where defendant's motion to suppress evidence is granted the court "shall terminate the trial" unless the State files a written notice that there will be no interlocutory appeal of the suppression order. (Ill. Rev. Stat. 1975, ch. 38, par. 114—12(c).) In the instant case the State filed an appeal from both the suppression and the dismissal orders. The State argues, and the defendant concedes, that the cause must be remanded with directions that it be reinstated upon the trial calendar. We have jurisdiction to consider the order suppressing the evidence (Supreme Court Rule 604(a)(1), Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)), and the order dismissing the case (*People v. Walker*, 57 Ill. App. 3d 77, 372 N.E.2d 1084).

With regard to the correctness of the suppression order defendant has raised a preliminary issue that must be considered. The judge who presided at the preliminary hearing was not the judge who presided at the hearing on defendant's motion to suppress. At the hearing on the motion to suppress the State did not produce a transcript of the testimony at the preliminary hearing nor make any reference to such testimony; accordingly it was not considered by the judge who entered the order of suppression. In any event, the record is bereft of any indication that the suppressing judge gave any consideration to the testimony adduced at the preliminary hearing. Nevertheless, in its brief on appeal the State makes several references to the preliminary hearing testimony of Deputy Hall in arguing the existence of probable cause for the arrest of defendant and the seizure of the property.

Defendant argues that the State should be bound on appeal by its election not to rely on the preliminary hearing testimony at the hearing on the motion to suppress. The State, in turn, contends that it is not so bound but may rely on any evidence of record that will tend to show the existence of probable cause, citing *People v. Braden*, 34 Ill. 2d 516, 216 N.E.2d 808. In *Braden* a motion to suppress evidence obtained in a search of the defendant's apartment was made, heard and denied prior to trial. The supreme court found that the trial court erred in denying the motion to suppress because the evidence at the hearing did not disclose the incidents leading up to the officers' visit to the apartment, and as a result there was an insufficient showing that the evidence was seized through a legal search. Nevertheless, the court held that subsequent testimony at the trial supplied the deficiency and cured the error of the trial court in denying the preliminary motion to suppress. The court declared:

"The requirement that a defendant move to suppress illegal evidence prior to trial is one of convenience to eliminate time consuming collateral inquiries during the trial of the principal issue. (*People v. Castree*, 311 Ill. 392.) It is well settled that the court's ruling on such a motion is not final and may be changed or reversed at any time prior to final judgment."

Also see, in accord, *People v. Turner*, 35 Ill. App. 3d 550, 342 N.E.2d 158; *People v. Glanton*, 33 Ill. App. 3d 124, 338 N.E.2d 30; *People v. Bentley*, 11 Ill. App. 3d 686, 297 N.E.2d 282; *People v. Cowan*, 1 Ill. App. 3d 601, 274 N.E.2d 683.

■■ Although the supportive evidence here was adduced at the preliminary hearing rather than at trial we nevertheless believe the above cases are germane and decisive of the issue. Although all the facts preceding the seizure of the property were not within the knowledge of the judge at the time he ruled on the preliminary motion to suppress, upon review the entire record may be considered to determine whether the officers made the arrest and seizure with probable cause.

Using this standard of review of the suppression we have determined that the seizure of the radiator, the wheels and the items seized from the defendant's station wagon should be sustained and the motion to suppress denied. As to the papers found in the tool box, however, we have determined that they were properly suppressed and as to them the order is affirmed.

The State argued at the suppression hearing, and continues to argue on appeal, that the seizure of the enumerated items should be upheld on the basis of the "plain view" doctrine. That is, that since these items were readily visible to the officers who were on the premises for legitimate purposes they were not actually the subject of a "search" as such and the officers had every right to seize them. The defendant, however, contends that in order for the plain view doctrine to be operative there must be absolutely no intimation on the part of the officers that any evidence might possibly be found at the defendant's residence, citing the holding of the Supreme Court in *Coolidge v. New Hampshire*, 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022. It appears that the trial judge made his decision to suppress the entirety of the evidence in question on the basis of this same interpretation of *Coolidge*.

It is true that *Coolidge* employs language which requires that the discovery of evidence be "inadvertent" but it does not require officers going to a residence for a legitimate investigative purpose to ignore evidence lying about in the open, clearly visible. The officers are not required to be as the three monkeys who can "see no evil." (*People v. George*, 49 Ill. 2d 372, 274 N.E.2d 26; *Harris v. United States*, 390 U.S. 234, 19 L. Ed. 2d 1067, 88 S. Ct. 992.) It is significant in comparison that

the evidence in question in *Coolidge* consisted of vacuum sweepings of microscopic particles from the defendant's car which could scarcely have been in "plain view."

■■ As the State points out, there were four distinct categories of evidence sought to be suppressed and we will consider each separately. As to the radiator, testimony established that the officers observed the radiator with a portion of cut hose still attached lying in the defendant's yard. This observation was from the vantage point of the public sidewalk in front of defendant's house. As the Supreme Court said in *People v. George,* 49 Ill. 2d 372, 378, 274 N.E.2d 26, (where the admission of a wrench used in a burglary was upheld when it was seized from defendant's front yard), "a search implies a prying into hidden places for that which is concealed and it is not a search to observe that which is open to view." The same reasoning applies here and the radiator was improperly suppressed as evidence.

■■ In the case of the wheels the testimony does not clearly establish that they could be seen from the street. It appears that the officers first observed the wheels from the defendant's front door step. However, the courts have held that objects falling within the view of an officer justifiably on the premises can be seized and used as evidence. (*People v. McCoy,* 10 Ill. App. 3d 1054, 295 N.E.2d 483.) Certainly the officers in the instant case were on the defendant's premises for a legitimate purpose. First, to investigate and to question him concerning a stripped and abandoned car which had been observed on his property the day before, and, second, the officers had probable cause, particularly after observing the radiator, to place the defendant under arrest. As the officers were justifiably on the defendant's property when the wheels were observed it follows that the court erred in suppressing their use as evidence.

■■ ■ With regard to the items seized from the station wagon the defendant argues that they were correctly suppressed in that the "inventory search" was merely a pretext upon which to base the seizure of the items as evidence. There are three legitimate objectives of automobile inventory searches: protection of police officers from potential danger, protection of the owner's property while the car is in police custody, and protection of the police against later claims that property has been lost and stolen. (*South Dakota v. Opperman,* 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092.) The *Opperman* court upheld an inventory search which turned up a bag of marijuana in an unlocked glove compartment. A crucial test in the court's determination was that the search has not been "a pretext concealing an investigative police motive." We accordingly can agree with the defendant upon only one of the items taken from the station wagon, and that is as to the contents of the tool box. The search of the contents of the tool box was not one which could be justified as

fulfilling any of the three legitimate purposes of an inventory search enumerated in *Opperman*. Where the purpose of the search is exploratory in nature it will be deemed illegal and the evidence so found must be excluded. (*United States v. Edwards* (5th Cir. 1977), 554 F.2d 1331.) We find persuasive the reasoning of the Colorado Supreme Court in a similar factual situation presented by *People v. Counterman* (Colo. 1976), 556 P.2d 481, 485. The defendant was stopped for speeding and arrested when it was learned that he was wanted on a felony charge. His impounded car was subjected to an inventory search which turned up a sealed knapsack. The officers untied the knapsack and rummaged through its contents discovering illegal drugs. The drugs were subsequently suppressed on appeal, the court explaining that:

> "While the knapsack was itself in plain view, its contents were securely sealed and completely unknown to the officer. The knapsack did not give any indication that its contents were dangerous or particularly valuable and in need of a special inventory. The legitimate purposes of the inventory search could have been fully accomplished by merely noting the item as a sealed knapsack." (556 P.2d 481, 485.)

Consequently, we find that the court ruled correctly in suppressing the contents of the tool box.

■■ However, as to the remainder of the items found in the station wagon, the State does not attempt to justify their admission into evidence on the basis of an inventory search but rather on the fact that the search was justified by "reasonable or probable cause to believe that they would find therein the instrumentalities of a crime or evidence pertaining to a crime." (*People v. Hanna*, 42 Ill. 2d 323, 247 N.E.2d 610.) In *Hanna* the court upheld the admission of evidence found when a police officer shined his flashlite in a stopped car observing burglary tools and later opened the car trunk to find stolen goods. In the case under consideration the items missing from the abandoned car, a coil assembly, Dodge hubcaps, and an alternator of the size usually found in police vehicles, which the officers knew the abandoned car had been, were found in the defendant's car and were, rather obviously under the circumstances, "fruits of the crime." (*People v. Jones*, 45 Ill. App. 3d 307, 359 N.E.2d 856.) The court erred in suppressing these items as evidence.

The order is affirmed in part, reversed in part and remanded to the trial court for proceedings consistent with this opinion.

G. J. MORAN and KARNS, JJ., concur.